J-S08004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN M. STUTZMAN | : | |
| | : | |
| Appellant | : | No. 1099 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 14, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000838-2021

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                       **FILED: JUNE 1, 2023**

Appellant, John M. Stutzman, appeals from the judgment of sentence entered on July 14, 2022.  We affirm.

On July 14, 2022, Appellant entered a negotiated guilty plea to driving under the influence of a controlled substance, possessing a controlled substance, possessing a small amount of marijuana for personal use, and possessing drug paraphernalia.[1]  That day, the trial court sentenced Appellant to serve the negotiated, aggregate term of one to two years in prison for his convictions.  N.T. Sentencing, 7/14/22, at 6.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii) and 35 P.S. §§ 780-113(a)(16), (31)(i), and (32), respectively.

Appellant filed a timely notice of appeal. He lists two claims in his statement of questions involved in the appeal:

> 1. Was [Appellant] prejudiced when the trial court accepted Appellant's guilty plea as being knowingly, intelligently, and voluntarily tendered?
>
> 2. Was trial counsel ineffective by failing to fully explain the consequences, both direct and collateral, of the proposed plea, prior to [Appellant] entering same before the trial court?

Appellant's Brief at 2.

First, Appellant claims that he should be able to withdraw his guilty plea, as his plea was not knowingly, intelligently, and voluntarily entered.[2] *Id.* at

_____

[2] "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013); Pa.R.Crim.P. 720. Failing to do so generally results in the waiver of the issue on appeal.

Appellant did not file a post-sentence motion in this case. However, during sentencing, the trial court failed to ensure that Appellant had been advised of his right to file a post-sentence motion. *See* N.T. Sentencing, 7/14/22, at 6-10; *see also* Pa.R.Crim.P. 704(C)(3) ("[during sentencing, t]he judge shall determine on the record that the defendant has been advised of . . . the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights"). As a result of this breakdown, we will not find that Appellant has waived his challenge to the validity of his plea and we will, thus, reach the merits of Appellant's claim. *Commonwealth v. Rish*, 606 A.2d 946, 947 n.5 (Pa. Super. 1992) (holding that, even though the defendant failed to file a post-sentence motion challenging his guilty plea, his appellate challenge to the validity of his plea was not waived because the trial court failed to inform him of his right to file a post-sentence motion); *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (holding: even though the defendant failed to preserve his discretionary aspects of sentencing claim by raising the issue at sentencing or in a post-sentence motion, we would not find waiver and would analyze the merits
*(Footnote Continued Next Page)*

8. Specifically, Appellant claims that he entered his plea under the mistaken belief that "he would receive time credit for the 346 days he spent incarcerated," when Appellant, in fact, did not receive any credit for time served at this docket number. *See* Appellant's Brief at 4. This claim fails.

As we have explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (quotation marks and citations omitted).

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted). Importantly:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he

---

of the issue, as the trial court failed to inform the defendant of his right to file a post-sentence motion).

may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. . . . We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Id.* at 523-524 (quotation marks, citations, and corrections omitted)

On appeal, Appellant claims that he entered his guilty plea under the mistaken belief that "he would receive time credit for the 346 days he spent incarcerated." Appellant' Brief at 4. However, during the plea colloquy, the trial court specifically ensured that Appellant was aware – and Appellant specifically acknowledged – that Appellant did not have any credit for time served at this case. Indeed, during the colloquy, the following transpired:

[Trial Court]: All right. And you were in front of me before and this was continued for a time credit, that [Trial Counsel] could look into that. And I know you have –

What [does he] have? He did have time, but he doesn't have any time on this case; is that correct?

[Trial Counsel]: That's correct, Judge.

[Trial Court]: **You understand, [Appellant], you don't have any time on this case, no time credit?**

[Appellant]: **Yeah.**

N.T. Guilty Plea Hearing, 7/14/22, at 4 (emphasis added).

Appellant's claim on appeal essentially contends that he lied during the above exchange with the trial court and that, contrary to his statement to the trial court, he actually believed that he had credit for time served at this case. However, under our precedent, Appellant is bound by the statements that he made to the trial court and, thus, Appellant entered his plea with full

- 4 -

knowledge that "he doesn't have any time on this case." **See id.** As such, Appellant's claim on appeal fails.[3]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/01/2023

---

[3] Appellant's second numbered claim on appeal contends that his trial counsel was constitutionally ineffective. **See** Appellant's Brief at 2. Appellant did not expound upon this claim in the argument section of his brief. **See id.** at 5-8. Therefore, this claim is waived. **See Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super. 2016) ("issues raised in a brief's statement of questions involved but not developed in the brief's argument section will be deemed waived") (some capitalization omitted); **see also Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review"); **Commonwealth v. Holmes**, 79 A.3d 562, 620 (Pa. 2013) ("absent [certain, specified] circumstances [(that are inapplicable to the case at bar)] claims of ineffective assistance of counsel are to be deferred to [post-conviction collateral] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal").